```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA,     :
                              :    02-CR-1399 (NGG)
        v.                    :
                              :    September 12, 2003
VINCENT BADALAMENTI,          :
                              :    Brooklyn, New York
            Defendant.        :
                              :
------------------------------X


          TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
          BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:          ZACHARY W. CARTER, ESQ.
                             UNITED STATES ATTORNEY
                             BY: NICOLAS BOURTIN, ESQ.
                             ASSISTANT U.S. ATTORNEY
                             271 Cadman Plaza East
                             Brooklyn, New York  11201



For the Defendant:           RONALD FISCHETTI, ESQ.




Audio Operator:


Court Transcriber:           ARIA TRANSCRIPTIONS
                             c/o Elizabeth Barron
                             102 Sparrow Ridge Road
                             Carmel, NY 10512
                             (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1          THE CLERK:  Criminal cause for plea, United States
 2   v. Vincent Badalamenti.  Counsel, please state your
 3   appearances for the record.
 4          MR. BOURTIN:  Nicolas Bourtin for the government.
 5   Good afternoon, your Honor.
 6          MR. FISCHETTI:  Ronald Fischetti for Vincent
 7   Badalamenti.  Good afternoon, sir.
 8          THE COURT:  Good afternoon.
 9          THE DEFENDANT:  Good afternoon, Judge.
10          THE COURT:  Good afternoon, sir.
11          Mr. Fischetti, I understand that your client
12   wishes to change his plea at this time.
13          MR. FISCHETTI:  Yes, your Honor.  We most
14   respectfully move to withdraw our previously entered plea of
15   not guilty and offer to plead guilty to Count 31 of the
16   indictment, pursuant to the plea agreement that's been
17   executed and I believe your Honor has before him.
18          THE COURT:  Yes, I do.
19          Mr. Badalamenti, your attorney advises that you
20   wish to plead guilty to Count 31 of the superseding
21   indictment S-1, in which you are charged.  This is a serious
22   decision and I must be certain that you make it
23   understanding your rights and the consequences of your plea.
24   I'm going to explain certain rights to you and then ask you
25   questions.  I want your answers to be under oath.  The
```

```
 1  deputy clerk will swear you in.
 2              (Defendant is sworn.)
 3              THE COURT:  Ms. Davis, you understand that having
 4  been sworn to tell the truth, you must do so.  If you were
 5  to deliberately lie in response to any question I ask you,
 6  you could face further criminal charges for perjury.
 7              Do you understand that?
 8              THE DEFENDANT:  Yes, your Honor.
 9              THE COURT:  If I say anything that you do not
10  understand or if you need me to repeat anything, you have
11  only to ask.  It is important that you understand everything
12  that goes on in these proceedings.
13              Is that clear, sir?
14              THE DEFENDANT:  Yes, your Honor.
15              THE COURT:  Mr. Badalamenti, how old are you?
16              THE DEFENDANT:  45.
17              THE COURT:  How far did you get with your
18  education?
19              THE DEFENDANT:  High school.
20              THE COURT:  Where did you go to high school?
21              THE DEFENDANT:  Xavarian (ph).
22              THE COURT:  Where is that?
23              THE DEFENDANT:  Brooklyn.
24              THE COURT:  Are you a U.S. citizen?
25              THE DEFENDANT:  Yes.
```

```
 1              THE COURT:  Is English your first language?
 2              THE DEFENDANT:  Yes, sir.
 3              THE COURT:  Mr. Fischetti, have you had any
 4   difficulty communicating with your client in English?
 5              MR. FISCHETTI:  No, sir.
 6              THE COURT:  Mr. Badalamenti, I must be certain
 7   that whatever decision you make today, you make with a clear
 8   head, so I'm going to ask you some questions about your
 9   health.
10              Are you currently or have you recently been under
11   the care of a doctor or psychiatrist for any reason?
12              THE DEFENDANT:  No, sir.
13              THE COURT:  In the past 24 hours, have you taken
14   any pills or drugs or medicine of any kind?
15              THE DEFENDANT:  No, sir.
16              THE COURT:  In the past 24 hours, have you drunk
17   any alcoholic beverages?
18              THE DEFENDANT:  No, sir.
19              THE COURT:  Have you ever been hospitalized or
20   treated for any drug-related problem?
21              THE DEFENDANT:  No, sir.
22              THE COURT:  Is your mind clear as you stand here
23   today?
24              THE DEFENDANT:  Yes, sir.
25              THE COURT:  Do you understand everything being
```

```
 1  said to you?
 2             THE DEFENDANT:  Yes, sir.
 3             THE COURT:  Mr. Fischetti, have you discussed the
 4  question of a guilty plea with your client?
 5             MR. FISCHETTI:  I have, sir.
 6             THE COURT:  In your view, does he understand the
 7  rights he would be waiving by pleading guilty?
 8             MR. FISCHETTI:  He does.
 9             THE COURT:  Do you have any question as to your
10  client's competence to proceed today?
11             MR. FISCHETTI:  I have none, sir.
12             THE COURT:  All right.
13             Mr. Badalamenti, are you satisfied with the
14  assistance that your attorneys have given you thus far in
15  this matter?
16             THE DEFENDANT:  Yes, sir.
17             THE COURT:  Do you feel you need any more time to
18  discuss with them the question of a guilty plea?
19             THE DEFENDANT:  No, sir.
20             THE COURT:  Mr. Badalamenti, you're pleading
21  guilty to Count 31 of the superseding indictment in which
22  you are charged.  I'm going to ask the U.S. attorney to
23  state the charge that's been brought against you in Count 31
24  and to indicate the elements of the crime that the
25  government would have to prove at a trial before a jury
```

1  beyond a reasonable doubt, in order to find you guilty of
2  this crime.
3           Mr. Bourtin?
4           MR. BOURTIN:  Yes, your Honor.  Count 31 charges a
5  conspiracy to collect, extortionately collect credit.  To
6  prove that charge, the government would have to prove that,
7  in or about and between the dates charged, February, 2002
8  and August, 2002, within the Eastern District of New York,
9  the defendant conspired or agreed with others to use
10 extortionate means to collect or attempt to collect an
11 extension of credit to another individual.
12          THE COURT:  This was in the Eastern District of
13 New York?
14          MR. BOURTIN:  Yes.
15          THE COURT:  Mr. Badalamenti, do you understand the
16 charge that's been brought against you in Count 31 and the
17 elements of the crime that the government would have to
18 prove before a jury beyond a reasonable doubt in order to
19 convict you of this crime?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  I'm going to go over certain rights
22 that you have, and I want you to listen very carefully to
23 your rights.  You have the right to plead not guilty to this
24 charge.  No one can be forced to plead guilty.
25          Do you understand that?

```
 1              THE DEFENDANT:  Yes, sir.
 2              THE COURT:  If you plead not guilty to this charge
 3   or persist in the plea of not guilty, you have the right
 4   under the Constitution and laws of the United States to a
 5   speedy and public trial before a jury, with the assistance
 6   of your attorney.
 7              Do you understand that?
 8              THE DEFENDANT:  Yes, sir.
 9              THE COURT:  At any trial, you would be presumed to
10   be innocent.  You would not have to prove that you were
11   innocent.  This is because, under our system of law, it is
12   the government that must come forward with proof that
13   establishes beyond a reasonable doubt that you are guilty of
14   the crime charged.  If the government failed to meet this
15   burden of proof, the jury would have the duty to find you
16   not guilty.
17              Do you understand that?
18              THE DEFENDANT:  Yes, sir.
19              THE COURT:  In the course of a trial, witnesses
20   for the government would have to come here to court and
21   testify in your presence.  Your attorney would have the
22   right to cross-examine these witnesses.  He could raise
23   legal objections to evidence the government sought to offer
24   against you.  He could offer evidence in your behalf, if you
25   thought there was evidence that might help you in this case.
```

1              Do you understand that?
2              THE DEFENDANT:  Yes, sir.
3              THE COURT:  At a trial, you would have the right
4    to testify in your own behalf, if you wished to do so.  On
5    the other hand, you could not be forced to be a witness at
6    your trial.  This is because, under the Constitution and
7    laws of the United States, no person can be compelled to be
8    a witness against himself.  If you wished to go to trial but
9    chose not to testify, I would instruct the jury that they
10   could not hold that against you.
11             Do you understand that?
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  If instead of going to trial, you
14   plead guilty to the crime charged, and if I accept your
15   guilty plea, you will be giving up your right to a trial and
16   all the other rights I've just discussed.  There will be no
17   trial in this case.  There will be no appeal on the question
18   of whether you did or did not commit this crime.  The only
19   thing you could appeal would be if you thought I did not
20   properly follow the law in sentencing you.  Otherwise, I
21   will simply enter a judgment of guilty based upon your plea
22   of guilty.
23             Do you understand that?
24             THE DEFENDANT:  Yes, sir.
25             THE COURT:  If you do plead guilty, I will have to

```
 1  ask you certain questions about what you did, in order to
 2  satisfy myself that you are indeed guilty of the crime
 3  charged.  You will have to answer my questions and
 4  acknowledge your guilt.  If you do this, you will be giving
 5  up your right not to incriminate yourself.
 6            Do you understand that?
 7            THE DEFENDANT:  Yes, sir.
 8            THE COURT:  Mr. Badalamenti, are you willing to
 9  give up your right to a trial and the other rights I have
10  just discussed with you?
11            THE DEFENDANT:  Yes, sir.
12            THE COURT:  I have a plea agreement here in United
13  States against Vincent Badalamenti.  It is marked as Court
14  Exhibit 1.  It is dated today, September 12th, 2003, and it
15  consists of seven pages.  I am going to hand this to the
16  defendant and his counsel.  I'm going to ask the defendant
17  some questions.
18            Mr. Badalamenti, have you read this document?
19            THE DEFENDANT:  Yes, I did, your Honor.
20            THE COURT:  Did you discuss it with your attorney?
21            THE DEFENDANT:  Yes, your Honor.
22            THE COURT:  Has your attorney stated your rights
23  and obligations under this document?
24            THE DEFENDANT:  Yes, your Honor.
25            THE COURT:  Has he answered any and all questions
```

```
 1  that you had about this document?
 2              THE DEFENDANT:  Yes, your Honor.
 3              THE COURT:  Mr. Fischetti, are you satisfied that
 4  your client understands his rights and obligations under
 5  this agreement?
 6              MR. FISCHETTI:  I am, sir.
 7              THE COURT:  On page 7 of the agreement, Mr.
 8  Badalamenti, is that your signature by your name?
 9              THE DEFENDANT:  Yes, your Honor.
10              THE COURT:  And did you sign it today?
11              THE DEFENDANT:  Yes, I did.
12              THE COURT:  Mr. Fischetti, did you also sign the
13  plea agreement?
14              MR. FISCHETTI:  I did, your Honor.
15              THE COURT:  And the government has also executed
16  the agreement.
17              MR. BOURTIN:  Yes, your Honor.
18              THE COURT:  Would you hand the agreement back to
19  me, please?
20              Mr. Badalamenti, listen carefully to this
21  question:  Is there any other agreement that has been made
22  to get you to plead guilty that is not contained in this
23  plea agreement?
24              THE DEFENDANT:  No, sir.
25              THE COURT:  I'm going to go over the statutory
```

1  penalties associated with the crime to which you plan to
2  plead guilty.  There is no minimum term of imprisonment and
3  there's a maximum term of imprisonment of twenty years.  The
4  minimum supervised release term is zero and the maximum
5  supervised release term is three years.  That would follow
6  any term of imprisonment.
7           If you violate the conditions of your supervised
8  release, you could be sentenced to up to two years in
9  prison, without any credit for your pre-release imprisonment
10 or the time you previously served on post-release
11 supervision.  So that would be additional jail time beyond
12 the sentence that you serve before you go on supervised
13 release.
14          Do you understand how that works?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  The maximum fine is the greater of
17 $250,000, twice the gross pecuniary gain derived from the
18 offense, or twice the gross pecuniary loss to a person other
19 than yourself, as a result of the offense.
20          Do you understand the maximum fine that may be
21 imposed in this case?
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  Restitution will be determined by the
24 Court and there is a $100 special assessment.
25          Do you understand the statutory penalties

```
 1  associated with this crime, sir?
 2              THE DEFENDANT:  Yes, sir.
 3              THE COURT:  Mr. Badalamenti, in sentencing you, I
 4  will have to consider certain guidelines that control the
 5  Court.
 6              Mr. Fischetti, have you discussed the sentencing
 7  guidelines with your client?
 8              MR. FISCHETTI:  Yes, Judge.
 9              THE COURT:  Have you informed him of the
10  guidelines that would apply to his case?
11              MR. FISCHETTI:  Yes, my belief, that I believe
12  would apply to this case.
13              THE COURT:  Right.  That you believe, right.
14              MR. FISCHETTI:  Yes, your Honor.
15              THE COURT:  Mr. Badalamenti, has Mr. Fischetti
16  discussed the sentencing guidelines with you?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  And described the guidelines as they
19  would apply to your case, in his view?
20              THE DEFENDANT:  Yes, sir.
21              THE COURT:  Very well.
22              With respect to the sentencing guidelines, I will
23  have to consider certain factors about you and about this
24  crime.  When I do that, I will be directed to a guideline
25  that will provide a sentencing range.  I will, in all
```

```
 1  likelihood, have to sentence you within that range.  There
 2  are only a few circumstances that permit a court to go
 3  higher or lower than a guideline.  At this point, I do not
 4  know if any of those are pertinent in this case.  In the
 5  vast majority of cases that come before me, I must sentence
 6  within the guideline range.
 7          Do you understand that?
 8          THE DEFENDANT:  Yes, sir.
 9          THE COURT:  I cannot tell you today what guideline
10  range will apply in your case.  Before I impose sentence, I
11  will receive a report prepared by the Probation Department
12  which will recommend a particular guideline to me.  You and
13  your attorney will have the opportunity to see that report.
14  If you think it is mistaken or incomplete in any way, you
15  will have the opportunity to bring that to my attention.
16          Do you understand that?
17          THE DEFENDANT:  Yes, sir.
18          THE COURT:  In the plea agreement, the government
19  has made a prediction regarding the computation of the
20  guideline in your case, and the prediction is in paragraph
21  2.  The prediction is that the base offense level is 20,
22  less 2 levels for minor role, less 3 levels for acceptance
23  of responsibility, less 1 level for global disposition, if
24  indeed there is a global disposition.  So the total adjusted
25  offense level would be a 14.  In criminal history category
```

```
 1  1, this level carries a range of imprisonment of 15 to 21
 2  months.
 3          Do you understand the government's current
 4  prediction?
 5          THE DEFENDANT:  Yes, sir.
 6          THE COURT:  You must understand that no one can
 7  make any promise to you as to the sentence I will impose.
 8  Your attorney or the prosecutor may have made predictions to
 9  you and they can make recommendations to the Court
10  concerning the sentence I should impose, and I will listen
11  carefully to whatever they say.  But you must understand
12  that the final decision on sentencing is mine and mine
13  alone.
14          Do you understand that?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  While I may view this case identically
17  to the attorneys, I may also view the case differently.  If
18  so, I may not impose the sentence they have predicted or
19  recommended.  Even if I sentence you differently from what
20  the lawyers or anyone else has estimated or predicted, you
21  would still be bound by your guilty plea.
22          Do you understand that?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  Now, in this plea agreement letter,
25  which is dated today, September 12$^{th}$, 2003, that you have
```

1  just told me that you have discussed with your attorney and
2  which you signed today, there is an agreement regarding your
3  right to appeal your sentence.  The plea agreement letter
4  says, and I want to make sure that you understand this very
5  carefully, that by signing this agreement, you agree not to
6  appeal or in any other way challenge the sentence that I
7  impose upon you, if it is 24 months or below.  That's in
8  paragraph 4 of the plea agreement on page 3.
9              If I were to sentence you to more than 24 months
10 and you believed there was a legal or other error in my
11 doing that, you would then have the right to appeal your
12 sentence to the United States Court of Appeals for the
13 Second Circuit.
14             Do you understand that?
15             THE DEFENDANT:  Yes, sir.
16             THE COURT:  Do you understand that you have the
17 right to appeal only if I sentence you to more than 24
18 months?
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  Do you understand that even if the
21 sentence I give you is more severe than what you may be
22 thinking or hoping you will receive, you are still going to
23 be bound by your guilty plea and not permitted to withdraw
24 it, and you will not be able to challenge or appeal that
25 sentence, as long as it is 24 months or less, as we have

```
 1  discussed?
 2          THE DEFENDANT:  Yes, sir.
 3          THE COURT:  Do you have any questions you would
 4  like to ask me about the charge, your rights or anything
 5  else related to this matter that may not be clear?
 6          THE DEFENDANT:  No, sir.
 7          THE COURT:  Mr. Fischetti, is there anything you
 8  would like me to discuss your client in further detail
 9  before we proceed to formal allocution?
10          MR. FISCHETTI:  No, sir.
11          THE COURT:  Do you know of any reason why your
12  client should not enter a plea of guilty to the charge?
13          MR. FISCHETTI:  I know of none, sir.
14          THE COURT:  Are you aware of any viable legal
15  defense to the charge?
16          MR. FISCHETTI:  No, sir.
17          THE COURT:  Mr. Badalamenti, are you ready to
18  plead at this time?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  How do you plead to the charge
21  contained in Count 31 of the superseding indictment S-1,
22  guilty or not guilty?
23          THE DEFENDANT:  Guilty, your Honor.
24          THE COURT:  Are you making this plea of guilty
25  voluntarily and of your own free will?
```

1            THE DEFENDANT:  Yes, sir.
2            THE COURT:  Has anyone threatened or forced you to
3    plead guilty?
4            THE DEFENDANT:  No, sir.
5            THE COURT:  Other than the agreement with the
6    government, has anyone made you any promise that caused you
7    to plead guilty?
8            THE DEFENDANT:  No, sir.
9            THE COURT:  Has anyone made you any promise about
10   the sentence you will receive?
11           THE DEFENDANT:  No, sir.
12           THE COURT:  In that case, I would like you now to
13   describe in your own words what you did to commit the crime
14   charged in Count 31 of the superseding indictment.
15           THE DEFENDANT:  Between February of 2002 and
16   August of 2002, I along with others conspired to collect a
17   debt through extortionate means, in Staten Island.
18           THE COURT:  Anything else?
19           MR. BOURTIN:  I don't think so, your Honor.
20           THE COURT:  Mr. Fischetti?
21           MR. FISCHETTI:  Nothing, your Honor.
22           THE COURT:  Mr. Badalamenti, based on the
23   information you have given me, I find that you are acting
24   voluntarily and that you fully understand the charge, your
25   rights and the consequences of your plea.  There is,

```
 1   moreover, a factual basis for your plea.  Therefore, I
 2   accept your plea of guilty to Count 31 of the superseding
 3   indictment in which you are charged.
 4            I'm going to set a sentencing date of December 5th,
 5   2003 at 10:30 a.m.  That's a Friday.  December 5th, 2003 at
 6   10:30 a.m.
 7            You're going to be contacted by the Probation
 8   Department in connection with a presentence interview.  Your
 9   attorney will want to be present for that interview.  At
10   that time, the probation officer will ask you a group of
11   questions, in order to help him or her in preparing a
12   presentence investigation report for the Court.
13            You will receive a copy of the report.  You'll
14   have the opportunity to read it, go over it with your
15   attorney.  If there's anything in the report that's in error
16   or if there's anything you want me to know about you that's
17   not contained in the report that you think would be
18   significant in terms of my consideration of sentencing you,
19   your attorney will provide that to the Court, to the
20   government and to the Probation Department.  And I read
21   everything that I get, every single word that is provided to
22   me, because sentencing is the most important thing that I
23   do, and I want to make sure that I have a full understanding
24   of your background before I sentence you.
25            Do you understand that?
```

19

```
 1                 THE DEFENDANT:  Yes, sir.  Thank you.
 2                 THE COURT:  All right, Mr. Bourtin, anything else
 3    with regard to bail?
 4                 MR. BOURTIN:  No, your Honor.  The government
 5    agrees to continue the bail conditions as they are.
 6                 THE COURT:  Anything else from the government?
 7                 MR. BOURTIN:  No, your Honor.
 8                 THE COURT:  Mr. Fischetti, anything else from the
 9    defense?
10                 MR. FISCHETTI:  Nothing else.
11                 THE COURT:  All right, thank you very much
12    everyone.  Have a good day.  Good luck, sir.
13                 THE DEFENDANT:  Thank you, your Honor.
14                 MR. BOURTIN:  Thank you, Judge.
15                 MR. FISCHETTI:  Thank you, Judge.
16                           * * * * * * * *
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18     I certify that the foregoing is a correct transcript
19  from the electronic sound recording of the proceedings in
20  the above-entitled matter.
21
22
23  [signature]
24
25  ELIZABETH BARRON                          December 5, 2011
```